UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARES ELIAS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALANNA OW, District Director, U.S. Citizenship and Immigration Services, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22cv1012-JO-RBB<br><br>**ORDER GRANTING MOTION TO REMAND TO U.S. CITIZENSHIP AND IMMIGRATION SERVICES AND ORDERING ADJUDICATION WITHIN 30 DAYS** |

  On August 1, 2020, Plaintiff Fares Elias filed an application for naturalization with the U.S. Citizenship and Immigration Services ("USCIS" or the "Service"). Nearly two years later, Plaintiff filed this case seeking judicial review and adjudication of his naturalization application under 8 U.S.C. § 1447(b). Defendants moved to remand to USCIS on the ground that it is ready and able to adjudicate Plaintiff's naturalization application within 30 days after remand. For the following reasons, the Court grants the Defendants' motion to remand to USCIS.

//
//
//

  For people who were born outside of the United States and are lawful permanent residents of the United States, naturalization is the process required to become a United States citizen. A naturalization applicant initiates the process by filing a naturalization application form ("N-400") with USCIS. 8 U.S.C. § 1445. USCIS is the division of the U.S. Department of Homeland Security that is responsible for adjudicating naturalization applications. *See* 6 U.S.C. § 271(b)(2); *see also* 6 U.S.C. § 111(a). After a naturalization application is filed, USCIS investigates and interviews the applicant before making its determination. 8 U.S.C. § 1446. Section 1447(b) permits a naturalization applicant to file a petition for a judicial determination on the application if USCIS fails to make its determination "before the end of the 120-day period after the date on which the examination is conducted." 8 U.S.C. § 1477(b). In such cases, the Court has the discretion to "*either* determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b) (emphasis added); *see also United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir. 2004) ("Congress empowered the district court to remand the matter to [USCIS] with *the court's* instructions") (emphasis in original); *Kuzova v. U.S. Dep't of Homeland Security*, 686 F. App'x. 506, 507–08 (9th Cir. 2017) (holding in part that the district court did not abuse its discretion in remanding a naturalization application to USCIS with appropriate instructions, even without making findings of fact prior to remand).

  The Court exercises its discretion to remand Plaintiff's naturalization application for determination by the USCIS despite its previous delay. First and most importantly, the Service is prepared to adjudicate Plaintiff's naturalization application within 30 days of remand. USCIS submitted the declaration of Lee Hauserman, a USCIS Supervisory Immigration Services Officer familiar with Plaintiff's file, stating that "USCIS can issue a decision on Plaintiff's N-400 within 30 days of this Court's order dismissing or remanding the case to USCIS." Dkt. 4-2 at ¶¶ 2, 4. Second, USCIS's subject matter expertise in reviewing and adjudicating naturalization applications weighs in favor of remanding. USCIS is the agency responsible for, and experienced at, applying the federal code and

regulations to naturalization applications. *See* 8 U.S.C. § 1421 (vesting the Attorney General with authority to naturalize persons); *see also INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (noting the agency's expertise in the subject matter). Because USCIS has declared its readiness to imminently adjudicate Plaintiff's naturalization application, the Court concludes remand to the USCIS, the agency with experience and expertise in processing these applications, is preferable to the Court's adjudication of this matter in the first instance. *See, e.g., Rashid v. Dep't of Homeland Security*, No. 2:14-cv-2109-JAM-KJN, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017); *Usude v. Napolitano*, No. CV-13-4892-DSF-RZX, 2013 WL 12212605, at *1 (C.D. Cal. Nov. 13, 2013).

Plaintiff argues that the Court should retain jurisdiction despite USCIS's stated commitment to quickly process this application, because USCIS will treat him unfairly and deny his application. The Court finds his concerns that USCIS will fail to "follow the applicable case precedents and adjudicate Petitioner's naturalization application in good faith" to be premature. Dkt. 9 at ¶ 15. Moreover, if Plaintiff's naturalization application is improperly denied, he may seek judicial review under 8 U.S.C. § 1421(c).

For these reasons, the Court remands this case to USCIS and orders that USCIS adjudicate Plaintiff's N-400 application within thirty days of the date this Order is filed.

**IT IS SO ORDERED.**

Dated: 11/16/22

Hon. Jinsook Ohta
United States District Judge